SUMMARY ORDER

Petitioner, Xin Hua Pan, a native and citizen of the People’s Republic of China, seeks review of a February 13, 2008 order of the BIA affirming the March 31, 2006 decision of Immigration Judge (“IJ”) Annette S. Elstein denying petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xin Hua Pan, No. A 072 837 308 (B.I.A. Feb. 13, 2008), aff'g No. A 072 837 308 (Immig. Ct. N.Y. City Mar. 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. Pan did not challenge either before the BIA or this Court the IJ’s findings that: (1) his testimony that he traveled out of the country using his passport was inconsistent with his later testimony that he did not use his passport to exit China; and (2) his direct testimony omitted any reference that the police continued to search for him. Therefore, we deem any challenge to those findings abandoned, see Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007), and they stand as valid bases for the IJ’s adverse credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008).
This Court has found that omissions may form the proper basis of an adverse credibility finding. See, e.g., Singh v. BIA, 438 F.3d 145, 148 (2d Cir.2006). The IJ properly found that Pan omitted any reference to his April 1993 detention in his first application, and his explanations for this omission would not compel a reasonable factfinder to credit them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Although Pan argues that the IJ erred in finding that he omitted any reference to his dismissal from employment due to his *696 democratic activities, substantial evidence supports the IJ’s conclusion since his applications indicated only that he received disciplinary sanctions. See id. Contrary to Pan’s argument that these omissions and inconsistencies were minor, the IJ properly found that they involved significant factual assertions underlying his claim. Cf. Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000).
The IJ also reasonably found implausible Pan’s testimony that he was able to leave China using his own passport given that his credibility was already placed in question by several omissions in his applications and testimony. See Ying Li v. BCIS, 529 F.3d 79, 82 (2d Cir.2008) (finding that this Court reviews implausibility findings in the context of the entire record and “not whether each unusual or implausible feature of the account can be explained or rationalized”). Finally, the IJ properly found that the lack of corroboration of Pan’s detention rendered him unable to rehabilitate his testimony that had already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Those proper findings notwithstanding, the IJ erred in finding that Pan inconsistently testified that he was arrested in 1995 and in failing to consider Pan’s explanations for the consular report’s conclusion that the sterilization certificate he submitted was fraudulent where the report’s conclusion is inconsistent with the translation of the letter from the Chinese government. Nonetheless, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. See id. at 338-39. As the IJ found, the discrepancies upon which she properly relied place into question the entirety of Pan’s claim because of “the peculiar manner in which his claims developed from his original arrival.” Accordingly, the IJ properly denied Pan’s application for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
Pan argues that the government’s submission of his wife’s sterilization certificate to the Chinese government violated his confidentiality under 8 C.F.R. § 208.6. However — especially given Pan’s credibility problems — the record supports the BIA’s finding that the government did not violate Pan’s confidentiality.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).